Donita J. Cole
P.O Box 4907
Mesa, Arizona 85211
602-369-1551
*Without an Attorney*



FILED ____ LODGED
____ RECEIVED ____ COPY

JUN 0 3 2016

CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ARIZONA

DONITA J. COLE

    *Plaintiff*

vs.

ME CAPITAL LLC,
MR CAPITAL LLC; and
Does 1-10, Inclusive

    *Defendant(s)*

Case No: 2:16 - CV-16-01197-ROS

**PLAINTIFF DONITA J. COLE'S MOTION TO STRIKE DECLARATIONS OF JOSHUA T. GREER and DARCY MYERS**

    COMES NOW the Plaintiff, **DONITA J. COLE** (*hereinafter "Plaintiff" or "DONITA"*), without an attorney, and moves to strike the declarations of JOSHUA T. GREER and DARCY MYERS (*hereinafter "Declarants", "GREER and MYERS", "GREER", and/or "MYERS"*), and in support thereof states as follows:

## FACTS

1. This case is filed by Plaintiff seeking a remedy.

2. The named plaintiff in this case is DONITA J. COLE (*hereinafter "Plaintiff" or "DONITA"*).

3. On May 17, 2016, Defendant, MR CAPITAL, LLC (hereinafter "DEFENDANT"), by and through its counsel, MOYES SELLERS & HENDRICKS (*hereinafter "MSH"*),

attached to its MOTION FOR SUMMARY JUDGMENT two Declarations stating alleged facts of the case, and an accompanying Declaration (*hereinafter "Declaration"*).

4. The Declarants of the above-mentioned Declarations were identified as JOSHUA T. GREER and DARCY MYERS. MYERS identified himself as a "***Representative***" for MR CAPITAL, LLC.   GREER, in turn, was identified as "***an attorney that has represented MR CAPITAL, LLC.***

5. GREER, based upon <u>NO personal knowledge</u>, averred in the Declaration as follows:

   (1) "I reviewed the docket of the district Court for the District of Arizona as well as the Maricopa County Superior Court . . . ";   The Declaration does not contain any mention as to WHICH name was searched, WHEN it was searched, nor HOW MANY attempts were made to discover any action filed by Plaintiff.

6. Nowhere in the Declaration was anything averred based upon personal knowledge, nor were any documents attached to support the Declaration.

7. MYERS, based upon <u>NO personal knowledge but only on purported familiarity</u>, averred in the Declaration a series of disputed facts that are **not relevant to the remedy** Plaintiff seeks in this case.

## LEGAL REASONING IN SUPPORT OF MOTION

### I. Defendant Failed to Attach Documents Referred to in the Declaration

#### 1. a. Failure to Attach Documents Violates 28 U.S.C. § 1746

28 U.S.C. § 1746 states, in pertinent part, that authentication or identification of evidence is required as a condition precedent to its admissibility. The failure to authenticate documents referred to in Declaration renders the Declarant incompetent to testify as to the matters referred to in the Declaration.

Here, MYERS affirmatively states in the Declaration as follows: "I am a representative of MR CAPITAL, LLC and I am familiar with the events related to its acquisition of the home previously owned by Debtor, Ms. Donita Cole." Nevertheless,

MYERS has failed to attach any of the books, records or documents referred to in the Declaration. In addition, MYERS does not meet the definition of **"custodian"**, which is "a person or institution that has charge or custody (of ... papers)". *See* Black's Law Dictionary, 8th ed. 2004, *custodian*. By MYERS' own admission, he states that he is "familiar" but without personal knowledge, and that he is not a custodian of records. Thus, MYERS has NOT examined the books, records, and documents which he refers to in the Declaration, while the true custodians of these documents are the employees or agents whose duty it is to keep the books accurately and completely. In essence, MYERS averred to records which he did not submit, nor could he testify for the authenticity of.

MYERS' failure to attach the documents referred to in the Declaration, *without being custodian of same*, is a violation of the authentication promulgated in 28 U.S.C. § 1746, which renders him incompetent to testify to the matters stated therein. Therefore, the Declaration must be struck in whole.

1. **Failure to Attach Documents Violates 28 U.S.C. § 1746.**
   28 U.S.C. § 1746 provides, in part, that MYERS' and GREER "Failure to attach such papers is grounds for reversal of summary judgment decisions".

Therefore, the Declaration should be struck in whole.

## II. Declaration Was Not Based Upon MYERS' Personal Knowledge

As a threshold matter, the admissibility of an Declaration rests upon the Declarant having personal knowledge as to the matters stated therein. Additionally, a Representative's Declaration, which merely states conclusions or opinions, is not sufficient, even if it is based on personal knowledge.

Here, the entire Declaration is merely **hearsay** evidence, as MYERS has absolutely **NO PERSONAL KNOWLEDGE** of the facts stated therein. As an purported representative of MR CAPITAL, LLC, which purports to be the purchaser of the property, he has no knowledge of the underlying communications between the Plaintiff and the Defendant.

///

Neither MYERS nor GREER:

> (1) were engaged by the Plaintiff for the purpose of executing the underlying mortgage transaction with the Defendant; nor
>
> (2) had any contact with the Defendant with respect to the underlying transaction between the Plaintiff and Defendant.

In addition, the Declaration fails to set forth with any degree of specificity what duties MYERS and GREER perform for the Defendant, MR CAPITAL, LLC, save for one line which is made by GREER stating: "I am an attorney that has represented MR CAPITAL, LLC."

Because GREER and MYERS have no personal knowledge of the underlying communication/litigation between the Plaintiff and Defendant, any statement he gives which references this underlying communication/litigation is, by its very nature, hearsay. Hearsay is defined as "a statement, other than one made by the Declarant, while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted". Here MYERS is averring to a litigation which was made by someone other than himself (namely, the attorney) and is offering this as proof of a matter not asserted.

MR CAPITAL, LLC may argue that while MYERS' statements may be hearsay, they should nevertheless be admitted under the "Records of Regularly Conducted Business Activity" exception. This rule provides that hearsay statements are not inadmissible, even though the Declarant is available as a witness, if the statement is:

> [a] **memorandum, report, record, or data compilation**, in any form, of acts, events, conditions, opinion, or diagnosis, made at or near the time by, or from information transmitted by, **a person with knowledge**, if kept in the course of a regularly conducted business activity and if it was the regular practice of that business activity to make such memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other ***qualified*** witness, or as shown by a certification or declaration that complies with paragraph (c), **unless the sources of information or other circumstances show lack of trustworthiness**. (*Emphasis added*).

There are, however, several problems with this argument. To begin with, and as previously demonstrated, no memorandums, reports, records, or data compilation have

been offered by the MR CAPITAL, LLC.   Finally, MYERS, as the source of this information, shows a lack of trustworthiness because MYERS failed to attach the books, records, and documents to the Declaration in support thereof, and because neither MYERS nor GREER have any personal knowledge of the underlying rescinded transaction and the communication between the Plaintiff and the Defendant prior to litigation.

Because MYER's and GREER's statements in the Declaration are **not** based upon personal knowledge, they are inadmissible hearsay evidence.   As no hearsay exception applies to these statements, the Declaration must be struck in whole.

**WHEREFORE,** Plaintiff requests and moves this Court to GRANT its MOTION TO STRIKE DECLARATIONS OF MYERS AND GREER, and any other relief the Court deems just and proper.

Dated: June 3, 2016.

Respectfully submitted,

By: _____
DONITA J. COLE, *Plaintiff*
P.O Box 4907
Mesa, Arizona 85211
602-369-1551

## PROOF OF SERVICE

**I HEREBY CERTIFY** that on June 3, 2016, a true and correct copy of
**PLAINTIFF DONITA J. COLE'S MOTION TO STRIKE DECLARATIONS OF
JOSHUA T. GREER and DARCY MYERS** was mailed by first class mail by the
United States Postal Service to the below:

MOYES SELLERS & HENDRICKS
Stephen Brower
Joshua T. Greer
1850 North Central Avenue, Suite 1100
Phoenix, Arizona 85004

Telephone: (602) 604-2120

Signed by: _____
                DONITA J. COLE, Plaintiff