| | |
|---|---|
| MOYES SELLERS & HENDRICKS<br>Stephen Brower (No. 024908)<br>Joshua T. Greer (No. 025508)<br>1850 North Central Avenue, Suite 1100<br>Phoenix, Arizona 85004<br>Telephone: (602) 604-2170<br>Email: sbrower@law-msh.com<br><br>*Attorneys for Defendants* | |

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Donita J. Cole,<br><br>     Plaintiff,<br><br>vs.<br><br>ME Capital LLC; MR Capital LLC; and Does 1-10, Inclusive,<br><br>     Defendants. | Case No.: 2:16-cv-01197-ROS<br><br>**MR CAPITAL'S RESPONSE TO PLAINTIFF'S MOTION FOR RECONSIDERATION [Docket No. 20]** |

This Court has already recognized that it is unlikely that Ms. Cole has standing to pursue her claims against MR Capital. On June 8, 2015 Ms. Cole filed for bankruptcy. The bankruptcy court ultimately converted Ms. Cole's bankruptcy to a Chapter 7 proceeding and approved a settlement that transferred all of Ms. Cole's claims against MR Capital to MR Capital. As a result, this Court ordered Ms. Cole to establish that she, and not the bankruptcy trustee or MR Capital, had standing to do so. Ms. Cole failed to establish her standing and the Court dismissed the Verified Complaint. Ms. Cole's motion for reconsideration [Docket No. 20] does not provide any reason or rationale for the Court to change its mind. Accordingly, MR Capital respectfully requests that the Court deny the motion for reconsideration.

In seeking to alter or amend this Court's previous decision, Ms. Cole as the moving party, faces an extremely high hurdle. *See Weeks v. Bayer*, 246 F.3d 1231, 1236 (9th Cir.2001). Both this Court and the Ninth Circuit have made it abundantly clear:

00153467 2

"amending a judgment after its entry remains an extraordinary remedy[.]" *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011)(internal quotation marks and citation omitted); *Teamsters Local 617 Pension & Welfare Funds v. Apollo Grp., Inc.*, 282 F.R.D. 216, 220 (D. Ariz. 2012) (citing *Herron*). As a result, amending the judgment "should be used sparingly" to serve the dual interests of finality and the conservation of judicial resources. *Herron*, 634 F.3d at 1111(internal quotation marks and citation omitted); *see Kona Enterprises Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir.2000).

While this Court has considerable discretion to grant or deny a Rule 59(e) motion, the Ninth Circuit has identified four circumstances in which the Court may grant a Rule 59(e) motion: "(1) if such motion is necessary to correct manifest errors of law or fact upon which the judgment rests; (2) if such motion is necessary to present newly discovered or previously unavailable evidence; (3) if such motion is necessary to prevent manifest injustice; or (4) if the amendment is justified by an intervening change in controlling law." *Herron*, 634 F.3d at 1112 (citation omitted). To prevail on a Rule 59(e) Motion, "a party seeking reconsideration must show more than a disagreement with the Court's decision." *Cachil Dehe Band of Wintun Indians v. California*, 649 F.Supp.2d 1063, 1070 (E.D.Cal.2009) (citation and internal quotation marks omitted). A party that simply reasserts the same cases and arguments that the Court considered before rendering its decision "fails to carry [its] burden." *Id.*

Ms. Cole's motion fails to identify any of the four circumstances necessary for the Court to grant her motion. Ms. Cole fails to identify any errors of law or fact made by the Court in dismissing her complaint. Nor does Ms. Cole present any newly discovered evidence or cite any intervening change in the controlling law. Ms. Cole simply repeats the same arguments she presented to the Court prior to the Court's ruling. This repetition does not meet Ms. Cole's burden in seeking an extraordinary remedy. Accordingly, MR

00153467 2

Capital respectfully requests that the Court deny Ms. Cole's motion for reconsideration as Ms. Cole has failed to meet her burden.

DATED this 24th day of August, 2016

MOYES SELLERS & HENDRICKS

By: */s/Joshua T. Greer*
Stephen Brower
Joshua T. Greer
Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2016, I electronically transmitted the attached document to the Clerk of the Court using the CM/ECF System which will send notification of such filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants. I further certify that a copy of the attached document was delivered via email and First Class Mail to:

Donita J. Cole
PO Box 4907
Mesa, AZ 85211
Email: dcole@cox.net
Plaintiff *Pro Se*

*/s/Donna M. Navarro*